UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. Cook and Richard C. Dentinger, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Pension Fund; Michael J. Cook and Paul R. Weise, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund; Jay Lommel and James R. Lundquist, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Vacation Fund; Michael J. Cook and William Dentinger, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Journeyman and Apprentice Training Trust Fund; Gregory R. Massey and James Mortenson, as Trustees of the Minnesota Cement Masons Pension Fund; Arland B. Anderson and Gregory R. Massey, as Trustees of the Minnesota Cement Masons Health and Welfare Fund; Gregory R. Massey and Steven L. Kilmer, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Journeyman and Apprentice Training Fund; and Robert Ridge and Timothy Worke, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Local 633 Savings Trust Fund,<br><br>        Plaintiffs,<br><br>v.<br><br>Alliance Concrete and Masonry, LLC, a Minnesota limited liability company,<br><br>        Defendant. | Civil No. 08-4776 (JNE/JJK)<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER |

Stephen Kelly, Esq., Rosene, Haugrud & Staab, Chartered, appeared for Plaintiffs.

No appearance for Defendant Alliance Concrete and Masonry, LLC.

The case is before the Court on Plaintiffs' motion for an injunction. Based on the files, records, and proceedings herein, the Court makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT**

1. The Clerk of Court entered Defendant's default on September 10, 2008.

2. Plaintiffs are fiduciaries of multiemployer fringe benefit plans defined by 29 U.S.C. § 1002(37) (2000), which are established to provide pension, retirement, health and welfare, and other benefits to employees doing work in the construction trades, pursuant to a written agreement.

3. Defendant signed a "To Be Bound Form" binding Defendant to the following agreements (collectively, Collective Bargaining Agreements):

    a. Agreement between Associated General Contractors of Minnesota and Minnesota Concrete and Masonry Contractors Association and Bricklayers and Allied Craftworkers Local Union 1 Minnesota / North Dakota and Independent Employers - Minnesota Statewide Agreement Chapters 1, 3, 4, 6, 8, 11, 15, effective May 1, 2007, through April 30, 2010 (Bricklayers Agreement); and

    b. Metro Area Agreement between Independent Cement Mason Contractors and Cement Masons, Plasterers, and Shophands Local No. 633 of Minnesota, North Dakota, and NW Wisconsin, effective May 1, 2007, through April 30, 2010 (Cement Masons Agreement).

4. Pursuant to the Collective Bargaining Agreements, Defendant is obligated to submit to Plaintiffs' Third-Party Administrator (TPA) monthly fringe benefit contribution report

forms indicating the fringe benefit contribution payment amounts due for the prior month, together with the corresponding fringe benefit contribution payments.

5.     The Collective Bargaining Agreements provide that, on demand, Defendant must also provide Plaintiffs' TPA with all necessary employment, payroll, and other relevant information for fringe benefit payroll audits.

6.     Defendant has failed to submit to Plaintiffs' TPA fringe benefit contribution report forms and fringe benefit contribution payments and failed to comply with Plaintiffs' demand for audit.

7.     The Collective Bargaining Agreements and 29 U.S.C. § 1132(g)(2)(C) provide that Defendant is liable for liquidated damages in the amount of ten percent (10%) of the unpaid fringe benefit contribution amount, as well as interest on the unpaid fringe benefit contributions at the rate provided in 26 U.S.C. § 6621 (2000) and reasonable attorney fees and costs.

8.     The Cement Masons Agreement provides that Defendant is required to post with Plaintiffs' TPA a bond of $25,000.00 if Defendant fails to timely submit fringe benefit contribution report forms or fringe benefit contribution payments.

9.     The Bricklayers Agreement, Article 22, paragraph 7(c), provides that if Defendant fails to timely submit fringe benefit contribution report forms or fringe benefit contribution payments, Defendant is required to post with Plaintiffs' TPA a bond of $50,000.00 if Defendant has five or fewer employees working pursuant to the terms of the Bricklayers Agreement or $100,000.00 if Defendant has six or more employees working pursuant to the terms of the Bricklayers Agreement.

## CONCLUSIONS OF LAW

1.  Defendant is liable for all delinquent fringe benefit contribution payments, liquidated damages in the amount of ten percent (10%) of the unpaid fringe benefit contribution amount, interest, and reasonable attorney fees and costs.

2.  Defendant is obligated to post with Plaintiffs' TPA a cash or surety bond in an amount of $25,000.00 to the Minnesota Cement Masons and Plasterers Fringe Benefit Funds.

3.  Defendant is obligated to post with Plaintiffs' TPA a cash or surety bond in an amount determined pursuant to the terms of the Bricklayers Agreement, Article 22, paragraph 7(c), to the Minnesota Bricklayers and Allied Craftworkers Fringe Benefit Funds.

4.  Plaintiffs are entitled to an injunction as described below.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Plaintiffs' Motion for Permanent Injunction [Docket No. 7] is GRANTED.

2.  Within ten days of service of this Order on Defendant, Defendant shall submit to Plaintiffs' TPA all delinquent fringe benefit contribution report forms and pay fringe benefit contribution payments for all months for which Defendant is delinquent, together with interest and liquidated damages.

3.  Within ten days of service of this Order on Defendant, Defendant shall submit to Plaintiffs' TPA all necessary employment, payroll, and other relevant information for an audit disclosing the amount of unpaid fringe benefit contribution payments.

4.  Defendant shall cooperate in all ways with this audit.

5.  Within ten days of service of this Order on Defendant, Defendant shall post with Plaintiffs' TPA a cash or surety bond in an amount of $25,000.00 to the Minnesota Cement Masons and Plasterers Fringe Benefit Funds.

6. Within ten days of service of this Order on Defendant, Defendant shall post with Plaintiffs' TPA a cash or surety bond in an amount determined pursuant to the terms of the Bricklayers Agreement, Article 22, paragraph 7(c), to the Minnesota Bricklayers and Allied Craftworkers Fringe Benefit Funds.

7. Defendant, acting through its directors, officers, agents, servants, employees, shareholders, and all persons acting in privity or in concert with them, shall submit to Plaintiffs' TPA all fringe benefit contribution report forms and all fringe benefit contribution payments as they become due.

8. If Defendant fails to make payments required by this Order, Plaintiffs may move the Court for entry of a money judgment against Defendant in the amount of any unpaid fringe benefit contributions, liquidated damages, interest, and reasonable attorney fees and costs as shown by affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

Dated: November 14, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge